Bryan G. Pratt
RADER, FISHMAN & GRAUER, PLLC
10653 South River Parkway, Suite 150
South Jordan, UT 84095
Tel.: (801) 572-0185
Fax: (801) 572-7666

R. Terrance Rader
Kristin L. Murphy
RADER, FISHMAN & GRAUER, PLLC
35933 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Telephone: (248) 594-0600
Facsimile: (248) 594-0610

*Attorneys for Plaintiff*

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

**AUG 18 2007**

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| 1-800 CONTACTS, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LENS.COM, INC. d/b/a as LENS.COM, JUSTLENS.COM and JUSTLENSES.COM, a Nevada corporation,<br><br>Defendant. | Case: 2:07cv00591<br>Assigned To : Benson, Dee<br>Assign. Date : 8/13/2007<br>Description: 1800 Contacts v. Lens.com et al<br><br>**COMPLAINT** |

Plaintiff 1-800 CONTACTS, INC. ("1-800 CONTACTS" or "Plaintiff") for its Complaint against Defendant LENS.COM, INC. d/b/a as LENS.COM, JUSTLENS.COM and JUSTLENSES.COM ("Lens.com" or "Defendant") alleges:

## NATURE OF THE ACTION

1

COMPLAINT & JURY DEMAND

1. This is a civil action for damages and injunctive relief arising out of Lens.com's acts of breach of contract, trademark infringement, unfair competition, false designation of origin, false advertising, passing off, and unjust enrichment under federal, state and/or common law as a result of Lens.com's wrongful acts, including willful infringement of 1-800 CONTACTS' rights in the trademark 1800CONTACTS, 1-800 CONTACTS, and 1 800 CONTACTS (the "1-800 CONTACTS Marks").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). On information and belief, the parties are citizens of different states and the amount in controversy far exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, creating jurisdiction under 28 U.S.C § 1332. Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

3. This Court has personal jurisdiction over Lens.com. Upon information and belief, Lens.com conducts business in this District, having shipped contacts and other items to this District. In addition, Lens.com has purposefully availed itself of the privilege of acting in this District by, among other things, by advertising via the Internet in this District and by offering interactive websites at **www.lens.com** and **www.justlenses.com** ("the Lens.com Websites") and various affiliate websites, which are accessible by Internet users throughout the country, including in this District, which permit users to register online, including in this District, and from which product can be ordered and shipped throughout the country, including in this District. See excerpts of from the Lens.com Websites at **Exhibits A** and **B.** Lens.com has used the 1-800 CONTACTS Marks without authorization or consent from 1-800 CONTACTS,

including in this District.  The tortious conduct about which 1-800 CONTACTS complains has been committed by Lens.com in this District.  Lens.com's actions are aimed, at least in part, at this District.

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b).  A substantial portion of the activity about which 1-800 CONTACTS complains has taken place in this District, and the damages suffered by 1-800 CONTACTS were suffered, at least in part, in this District.

5. Upon information and belief, Lens.com transacts business throughout the entire United States, including in the District of Utah.  The unlawful acts committed by Lens.com, as hereinafter alleged, have been and are, in whole or in part, conceived, carried out and made effective within this District.  The interstate trade or commerce described herein by Lens.com is carried out in part within this District.

## THE PARTIES

6. Plaintiff 1-800 Contacts, Inc. is a Delaware corporation, with its principal place of business at 66 East Wadsworth Park Drive, Draper, Utah 84020.

7. Upon information and belief, Defendant Lens.com, Inc. is a Nevada corporation with mailing addresses at P.O. Box 27740, Las Vegas, Nevada, 89126, P.O. Box 366 Louisiana, MO 63353 and a principal place of business at 301 Sonoco Road, Louisiana, MO 63353. Defendant Lens.com operates throughout the United States including in the State of Utah.

8. Upon information and believe, Lens.com, Inc. also operates under the names JustLens and Just Lenses, using the mailing address of P.O. Box 366, Louisiana, MO 63353.

9. The public records for the domain name "lens.com" show Lens.com, Inc. as the owner of the domain name, at the address of P.O. Box 27740, Las Vegas, NV 89126.  See Whois record at **Exhibit C**.

10. The public records for the domain name "justlenses.com" show Just Lenses as the owner of the domain name, at the address of P.O. Box 366, Louisiana, MO 63353. See Whois record at **Exhibit D**.

11. The public records for the domain name "justlens.com" show Lens.com, Inc. as the owner of the domain name, at the address of P.O. Box 27740, Las Vegas, NV 89126. See Whois record at **Exhibit E**. The domain name "justlens.com" actually points to the www.justlenses.com website.

## GENERAL ALLEGATIONS

### 1-800 CONTACTS' ACTIVITIES AND PROPRIETARY RIGHTS

12. For over a decade, 1-800 CONTACTS has been and is now extensively engaged in the business of selling and distributing contact lenses and eye care products via telephone and fax, through the Internet and by mail (the "1-800 CONTACTS Goods and Services"). Indeed, 1-800 CONTACTS is the market leader in the field of replacement contact lenses, having filled over 16 million orders for over five million customers, with an inventory of over 20 million lenses. 1-800 CONTACTS' products can be ordered over the Internet via Plaintiff's website at www.1800contacts.com (the "1-800 CONTACTS Website").

13. Since at least as early as 1995, the 1-800 CONTACTS Goods and Services have been widely advertised and offered in interstate commerce throughout the United States. The 1-800 CONTACTS Marks are used extensively in various advertising and promotional media, including the Internet, radio, television, trade shows, and through various printed media including direct mail.

14. 1-800 CONTACTS possesses common law and federal registration rights in the mark 1-800 CONTACTS, including U.S. Registration Nos. 2,675,866 and 2,731,114. Copies of

these registrations and printouts from the U.S. Patent and Trademark Office database for such registrations are attached at **Exhibit F**.

15. U.S. Registration No. 2,675,866 is incontestable and constitutes conclusive evidence, and U.S. Registration No. 2,731,114 constitutes prima facie evidence of 1-800 CONTACTS' ownership of the 1-800 CONTACTS Marks, its exclusive right to use the marks throughout the United States, and the validity of the registrations and the marks.

16. As a result of the quality of the 1-800 CONTACTS Goods and Services and the widespread promotion thereof under the 1-800 CONTACTS Marks, the 1-800 CONTACTS Goods and Services have met with substantial commercial success and widespread consumer recognition. As a further result, the 1-800 CONTACTS Marks are extensively known and have become symbols of Plaintiff, its quality products and services, and its goodwill.

## LENS.COM'S
## WRONGFUL ACTS

17. Like 1-800 CONTACTS, Lens.com offers the sale of replacement contact lenses over the Internet.

18. 1-800 CONTACTS discovered that Lens.com had purchased sponsored advertisements from Google, and other search engines, for Plaintiff's Marks to trigger advertising and/or a link to the Lens.com Websites. Such infringing activity was immediately brought to the attention of Lens.com, after which Lens.com agreed to cease such practices.

19. Notwithstanding Lens.com's agreement to cease using the 1-800 CONTACTS Marks to trigger advertising, the infringing behavior recently resurfaced. For example, as shown in the below screen shot, when 1800 CONTACTS is entered into the search box, links to both www.Lens.com and www.Justlenses.com appear on the right side of the screen under the "Sponsored Links" section.

**COMPLAINT & JURY DEMAND**



20. The www.Lens.com and www.Justlenses.com website advertisements are triggered upon a search for 1800 CONTACTS and thus, use the 1800 CONTACTS trademark as a triggering keyword to display and promote Lens.com's directly competitive goods and services. In essence, Lens.com is using the 1-800 CONTACTS Marks to trick consumers into visiting the Lens.com Websites

21. In addition to using the 1-800 CONTACTS Marks to trigger the Lens.com advertising, Lens.com also uses such marks directly in the Lens.com ads themselves. Incredibly, with the intent of deceiving consumers, Lens.com uses the 1-800 CONTACTS Marks directly in

6

COMPLAINT & JURY DEMAND

the heading of its own sponsored ads, as shown below in the Just Lenses ad appearing in the right hand column under the "Sponsored Links":



22.     Lens.com's actions are specifically aimed at diverting web users who are expressly looking for 1-800 CONTACTS and the 1-800 CONTACTS Goods and Services. Indeed, Lens.com goes even so far as to represent to consumers that it is 1-800 CONTACTS and/or that there is an affiliation between 1-800 CONTACTS and Lens.com by using the 1-800 CONTACTS Marks to trigger the Lens.com ads and using the 1-800 CONTACTS Marks as a heading for such ads.

7

## THE PARTIES' PAST HISTORY AND
## LENS.COM'S RESURFACED INFRINGEMENT

23. On or about September 1, 2005, 1-800 CONTACTS' in-house counsel, David Zeidner, contacted Lens.com in writing to notify Lens.com of the infringement. A copy of the letter is attached hereto as **Exhibit G.**

24. Not having received a response, 1-800 CONTACTS instructed its outside counsel to contact Lens.com. On or about September 20, 2005, Plaintiff's outside counsel, Bryan G. Pratt, sent a letter to Lens.com concerning Defendant's infringing acts. A copy of the letter is attached hereto as **Exhibit H**.

25. On or about September 21, 2005, Lens.com's outside counsel, Anthony J. DeGidio, responded to 1-800 CONTACTS' cease and desist letters by e-mail as follows:

> "We have looked into this matter and have determined that some of our affiliates appear to be involved in the problems you outlined. Upon identifying the appropriate individuals we will advise them to cease purchasing 1-800-CONTACTS from Google."

See e-mail attached hereto at **Exhibit I.**

26. Shortly after sending Mr. DeGidio's email, the parties agreed not to purchase sponsored advertisements using the other parties' names. More specifically, 1-800 CONTACTS was not purchasing sponsored advertisements using "LENS.COM," and not only agreed to continue that practice, but also agreed to add "LENS.COM" to the list of negative terms in their affiliate agreement, assuring that none of 1-800 CONTACTS' affiliates would purchase sponsored advertisements using "LENS.COM." In return, Lens.com agreed not to purchase sponsored advertisements triggered by the use of the 1-800 CONTACTS Marks. For a short time, Lens.com appeared to comply the terms of the agreement between the parties. However, a month later, on or about November 30, 2005, 1-800 CONTACTS learned that Lens.com had

resurrected its infringement campaign. 1-800 CONTACTS promptly notified Lens.com's counsel concerning the issue. **See Exhibit J.**

27. Once again, Lens.com appeared to promptly comply with 1-800 CONTACTS' requests to cease the infringing activity. However, on or about December 7, 2005, sponsored advertisements for Lens.com again appeared on the Internet, at www.search.aol.com. **See Exhibit K.**

28. 1-800 CONTACTS again notified Lens.com that the infringing activity had recommenced. Once again, Lens.com appeared to comply with 1-800 CONTACTS' request and ceased the infringing actions.

29. On our about April 2007, however, Lens.com recommenced triggering sponsored ads on at least Google and Yahoo! through the use of the 1-800 CONTACTS Marks. Accordingly, 1-800 Contacts once again notified Lens.com of the problem. **Exhibit L**.

30. Lens.com's counsel promptly responded and indicated that he would "speak with my client and see if we can determine why these sponsored listings are appearing." **Exhibit M.**

31. However, after receiving this communication, and in spite of its previous recognition of the infringement, its previous corrective measures, and its agreement not to continue such activity, this time Lens.com took no action to remedy the infringement. In fact, upon receiving this communication, infringement by Lens.com actually increased.

32. Lens.com's infringing activities continue today, as evidenced by a screen shot prepared on August 6, 2007 that shows sponsored advertisements purchased by Lens.com that is triggered upon searching for the 1-800 CONTACTS Marks. As may be seen, the website www.Lens.com is featured on the top left portion of the page, right under 1-800 CONTACTS

| COMPLAINT & JURY DEMAND

website advertisement, under a "sponsored advertisement" heading. The website www.Justlenses.com is shown on the right side under the "sponsored advertisement" heading.



COMPLAINT & JURY DEMAND

## INJURY TO 1-800 CONTACTS AND THE PUBLIC

33. Lens.com's unauthorized use of the 1-800 CONTACTS Marks has and will continue to irreparably injure 1-800 CONTACTS by confusing customers, diverting sales, and diluting the distinctiveness of the 1-800 CONTACTS Marks. If permitted to continue, Lens.com's use of the 1-800 CONTACTS Marks will continue to irreparably injure 1-800 CONTACTS, the 1800 CONTACTS Marks, the reputation and goodwill associated therewith, 1-800 CONTACTS' reputation for exceedingly high-quality services and products, and the public interest in being free from confusion, mistake or deception.

34. Lens.com's use of the 1-800 CONTACTS Marks has caused and will continue to cause confusion, mistake or deception as to the source or origin of Lens.com's goods and services and is likely to falsely suggest a sponsorship, connection, license, endorsement or association of Lens.com's goods and services with 1-800 CONTACTS, thereby injuring 1-800 CONTACTS and the public.

35. Lens.com's use of colorable imitations of the 1-800 CONTACTS Marks is part of a deliberate plan to trade on 1-800 CONTACTS' goodwill and otherwise unfairly compete with 1-800 CONTATS and benefit therefrom. Lens.com knew of 1-800 CONTACTS' tremendous success and the 1-800 CONTACTS Marks and intentionally engaged in trademark infringement with full knowledge of 1-800 CONTACTS' rights and in violation of an agreement not to engage in such activities.

## COUNT I

### Federal Trademark Infringement
### Violation of 15 U.S.C. § 1114

36. 1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1-35 of this Complaint.

37. The unauthorized appropriation and use by Lens.com in commerce of the 1-800 CONTACTS Marks, in connection with goods and services that are identical or substantially similar to those offered by 1-800 CONTACTS, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Lens.com's services and commercial activities, and thus infringes 1-800 CONTACTS' rights in its federally registered marks under 15 U.S.C. § 1114. Lens.com's actions have been carried out in willful disregard of 1-800 CONTACTS' rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

### Federal Unfair Competition, False Designation of Origin, Passing Off, and False Advertising

### 15 U.S.C. §1125(a)

38. Plaintiff incorporates by reference the allegations of Paragraphs 1 - 37.

39. The unauthorized use by Lens.com of the 1-800 CONTACTS Marks in connection with Lens.com's business is likely to cause the public to mistakenly believe that Len.com's contact lens replacement services originate from, are endorsed by, or are in some way affiliated with 1-800 CONTACTS and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition and is likely to cause the 1-800 CONTACTS Marks to lose their significance as indicators of origin. Likewise, Lens.com has used the 1-800 CONTACTS Marks in connection with false and misleading descriptions or representations of

12

fact in commercial advertising or promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another entity's goods, services, or commercial activities. Lens.com's actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Upon information and belief, the appropriation of the 1-800 CONTACTS Marks by Lens.com as set forth above is a part of a deliberate plan to trade on the valuable goodwill established therein. With knowledge of 1-800 CONTACTS and 1-800 CONTACTS' rights and with the deliberate intention to unfairly benefit from 1-800 CONTACTS' goodwill, the actions of Lens.com has been carried out in willful disregard of 1-800 CONTACTS' rights in violation of 15 U.S.C. Section 1125(a).

## COUNT III

### Common Law Unfair Competition, Misappropriation, and Trademark Infringement

### Unfair Practices Act – Utah Code Ann. §13-5-1 *et seq.*

41. 1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1 - 40.

42. By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Lens.com continues to misappropriate the valuable goodwill of the 1-800 CONTACTS Marks, to infringe 1-800 CONTACTS' rights therein, and to unfairly compete with 1-800 CONTACTS under the common law and the laws of Utah. Lens.com's use of the 1-800 CONTACTS Marks to promote, market or sell products and services constitutes an unfair practice under Utah Code Ann. §13-5-1 *et seq.* Lens.com's use of the 1-800 CONTACTS Marks is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused and is causing injury to 1-800 CONTACTS and consumers.

**COMPLAINT & JURY DEMAND**

## COUNT IV

### Unjust Enrichment

43.     1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1 - 42.

44.     Lens.com is being unjustly enriched to the damage and irreparable harm of 1-800 CONTACTS.

## COUNT V

### Breach of Contract

45.     1-800 CONTACTS hereby incorporates by reference the allegations of Paragraphs 1 - 44.

46.     In September, 2005, 1-800 CONTACTS and Lens.com entered into an agreement concerning the purchase of sponsored advertisements using the parties' respective trademarks.

47.     Under the agreement, Lens.com represented and agreed that it would cease purchasing sponsored advertisements that are triggered using the 1-800 CONTACTS Marks.

48.     Lens.com breached its agreement by recommencing the purchase of sponsored advertisements using the 1-800 CONTACTS Marks.

49.     1-800 CONTACTS have been damaged by Lens.com's breach.

## COUNT VI

### State Unfair Competition
### Violation of Utah Unfair Practices Act – Utah Code Ann. §13-5-1 *et seq.*

50.     1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1 - 49.

51.     By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Lens.com continues to misappropriate the valuable goodwill of the 1-800 CONTACTS Marks, to infringe 1-800 CONTACTS' rights therein, and to unfairly compete with 1-800 CONTACTS under the laws of Utah. Lens.com's use of the 1-800

14

CONTACTS Marks to promote, market or sell products and services constitutes an unfair practice under Utah Code Ann. §13-5-1 *et seq*. Lens.com's use of the 1-800 CONTACTS Marks is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused and is causing injury to 1-800 CONTACTS and consumers.

### **DEMAND FOR RELIEF**

WHEREFORE, 1-800 CONTACTS requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.  That 1-800 CONTACTS is the owner of the entire right, title and interest in and to the 1-800 CONTACTS Marks, that the 1-800 CONTACTS Marks are valid, enforceable and violated by Lens.com and that Lens.com has violated and is violating other relevant federal and state laws and regulations.

B.  That Lens.com, their affiliates, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

1.  Further infringement of the 1-800 CONTACTS Marks and from unfairly competing with 1-800 CONTACTS; from using any variation of the 1-800 CONTACTS Marks and any other marks or names that are confusingly similar to or that dilute the distinctiveness of those proprietary materials, including but not limited to use as domain names, trademarks, services marks, business names, meta tags, sponsored advertisement triggers, other identifiers, keywords or other terms used to attract or divert traffic on the Internet or to secure higher placement within search engine search results; and

2. From representing by any means whatsoever, directly or indirectly, that Lens.com, any products or services offered by Lens.com, or any activities undertaken by Lens.com, are associated with, endorsed by, sponsored by or connected in any way with 1-800 CONTACTS.

C. That Lens.com willfully violated 1-800 CONTACTS' rights.

D. That 1-800 CONTACTS and Lens.com entered into an agreement that prohibited Lens.com from purchasing sponsored advertisements that are triggered by the 1-800 CONTACTS Marks.

E. That Lens.com be required to pay to 1-800 CONTACTS' damages according to proof, together with prejudgment interest thereon, as 1-800 CONTACTS has sustained as a consequence of Lens.com's wrongful acts, and to account for and return to 1-800 CONTACTS any monies, profits and advantages wrongfully gained by Lens.com.

F. That all damages sustained by Lens.com be trebled.

G. That Lens.com be required to pay to 1-800 CONTACTS punitive and exemplary damages.

H. That Lens.com be required to pay to 1-800 CONTACTS all attorney fees, expenses and costs incurred in this action.

I. That 1-800 CONTACTS deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, fixtures, writings, signage, artwork and other materials that infringe 1-800 CONTACTS' rights, falsely designate source or origin, or otherwise facilitate Lens.com's unfair competition with 1-800 CONTACTS.

J.    That an Order be issued directing Lens.com to file with this Court and serve on 1-800 CONTACTS' attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Lens.com has complied with the injunction.

K.    That 1-800 CONTACTS be granted such further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

1-800 CONTACTS hereby demands a trial by jury on all issues and claims so triable.

Respectfully submitted,

Date: August 13, 2007

By: /s/ Bryan G. Pratt
Bryan G. Pratt
RADER, FISHMAN & GRAUER, PLLC
10653 South River Parkway, Suite 150
South Jordan, UT  84095
Tel.:  (801) 572-0185
Fax:  (801) 572-7666

R. Terrance Rader
Kristin L. Murphy
RADER, FISHMAN & GRAUER PLLC
35933 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Telephone: (248) 594-0600
Facsimile:  (248) 594-0610

*Attorneys for Plaintiff*

COMPLAINT & JURY DEMAND