## IN THE UNITED STATES JUDICIAL DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 1-800 CONTACTS, INC., a Delaware corporation,,<br><br>        Plaintiff,<br><br>v.<br><br>LENS. COM, INC. d/b/a as LENS.COM, JUSTLENS.COM and JUSTLENSES.COM, a Nevada corporation,,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL**<br><br>Case No. 2:07-cv-591 DB<br><br>District Judge Dee Benson<br><br><br>Magistrate Judge David Nuffer |

Plaintiff 1-800 CONTACTS, INC. (1-800 Contacts) sells contact lenses and products related to contact lenses. A significant portion of its sales are made through its e-commerce internet website. 1-800 Contacts filed this trademark infringement lawsuit against another internet retailer, Lens.com, Inc. d/b/a lens.com, justlens.com and justlenses.com (Lens.com). Plaintiff alleges that Lens.com (directly or through contractors and as affiliates[1]) purchased 1-800 Contacts' trademarks as keywords to trigger sponsored advertisements from Google and that this confuses potential purchasers of 1-800 Contacts' services by directing those purchasers to one of the Lens.com websites.[2]

---

[1] "An affiliate in the e-commerce sense is a website that links back to an advertiser like Drugstore.com or Amazon.com. The affiliate is then paid for the link by the advertiser or an agency for the advertiser. See http://en.wikipedia.org/wiki/Affiliate." Defendant Lens.com, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Compel (Opposition Memorandum) at 6 n.6, docket no. 24, filed May 6, 2008.

[2] See Complaint, ¶¶ 17-22, docket no. 1, filed August 13, 2007.

1-800 Contacts served its first set of discovery on Lens.com on November 13, 2007.[3]
Lens.com served responses on January 4, 2008.[4]  Dialogue ensued but did not resolve the dispute
regarding the discovery.  1-800 Contacts filed this motion to compel.[5]

### Discussion

Lens.com makes three major objections to the discovery sought:

- First, it says that the material sought is not within its control.  It alleges that
  contractors perform the functions on which information is sought, and directs 1-800
  Contacts to subpoena those third parties.[6]

- Second, Lens.com says that the material sought is all a trade secret[7] and should not be
  produced in this dispute between competitors.

- Third, Lens.com in some instances objects that the material sought is not relevant and
  then responds that it has no evidence on the subject matter of the request or
  interrogatory *as to* 1-800 Contacts.[8]  That is, Lens.com responds to a self-created
  substantially narrowed version of the request.

The first and second objections present a logical conundrum.[9]  Lens.com asserts that
information is confidential, proprietary and a trade secret, but that it does not possess it.  The

---

[3] Plaintiff 1-800 Contact Inc.'s First Set of Interrogatories to Defendant Lens.com and Plaintiff 1-800 Contact Inc.'s First Set of Requests for Production of Documents and Things to Defendant Lens.com attached as Exhibits 5 and 6 to Plaintiff's Brief in Support of Its Motion to Compel Defendant's [sic] to Provide Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Supporting Memorandum), attachment 1 to docket no. 20, filed April 11, 2008.
[4] Defendant Lens.com, Inc.'s Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Lens.com and Defendant Lens.com, Inc.'s Objections and Responses to Plaintiff 1-800 Contact Inc.'s First Set of Requests for Production of Documents attached as part of Exhibits 5 and 6 to Supporting Memorandum.
[5] Plaintiff's Motion to Compel Defendant's [sic] to Provide Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, docket no. 20, filed April 11, 2008.
[6] Opposition Memorandum at 6.
[7] *Id.* at 4, 11-13.
[8] *Id.* at 3, 15.
[9] Plaintiff's Reply Brief in Support of its Motion to Compel Defendant's [sic] to Provide Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Reply Memorandum) at 8, docket no. 25, filed May 16, 2008.

information is in the hands of third parties which provide services under contract with Lens.com.

Lens.com controls this information, by its own argument: "LENS.COM requires subcontractors

to adhere to a confidentiality agreement whereby its search terms, SEO methods, and marketing

are kept secret."[10]  But Lens.com has neither produced any records of its relationships with these

"subcontractors," nor has it obtained information in the "subcontractors'" possession, allegedly

protected for the benefit of Lens.com and under the control of Lens.com.

> LENS.COM has produced no information whereas it must directly possess some
> information, such as documents, billing records, reports and emails.  Its
> contractors cannot be working for free and running the business . . . with no
> direction and no accountability.  Indeed, [Lens.com's principal] Mr.
> Samourkachian  testified that, even though Razorfish manages its Google
> Adwords internet keyword search advertising, he has direct access to "log in
> anytime, 24 hours" to the account and "could easily reach out" to Razorfish to
> obtain information."[11]

This "subcontractor" barrier may also be the reason that Lens.com has identified so few

persons as having any knowledge or making decisions.[12]  Lens.com claims there is only one

person with knowledge,[13] and that may be true within its corporate entity, but that person must

communicate with others and their identities must be disclosed, even if they work for other

entities.

As to the second objection, a comprehensive Protective Order[14] is in place that deflates

Lens.com's arguments that the discovery will turn over its "entire secret recipe for successful

internet marketing"[15] to 1-800 Contacts.  There will be no "unfair taking of LENS.COM's

proprietary information developed over years of expense and hard work"[16] or "[p]ublic

---

[10] Opposition Memorandum at 4.
[11] Reply Memorandum at 8.  See also statements of Mr. DeGidio about access to the Lens.com Google account in the e-mail dated April 7, 2008, attached as part of Exhibit 13 to Supporting Memorandum.
[12] Supporting Memorandum at 11-12.
[13] Opposition Memorandum at 9.
[14] Docket no. 19, filed March 28, 2008.
[15] Opposition Memorandum at 3.
[16] *Id.* at 4.

disclosure of trade secrets."[17]  The Protective Order can be employed to keep all this information out of public view and out of the hands of 1-800 Contacts officers and employees, including in-house counsel.[18]

Finally, Lens.com's "relevance" objections are based on its self-imposed limitations on relevance, not on a reasonable view of what is relevant in this case.  Lens.com says it will only provide information related to 1-800 Contacts' trademarks – and then states that it has no such information.  For example, as to sales, net profit and cost information:

> LENS.COM replied to these requests stating that it would produce the onky [sic] such relevant documents, those showing LENS.COM's sales, net profits, and costs derived from or that relate directly and specifically to any use of Plaintiff's trademark by Lens.com.  No such documents exist.[19]

Lens.com is not entitled to unilaterally define the scope of discovery.  The requests and interrogatories are reasonable in scope, seeking "nonprivileged matter that is relevant to any party's claim or defense."[20]  Precisely because Lens.com does not have any records specifically isolating activities "derived from or that relate directly and specifically to any use of Plaintiff's trademark by Lens.com," 1-800 Contacts is entitled to complete information on Lens.com's activities.  Then, after the information from Lens.com's contractors about any use of those trademarks is available, the parties may present their respective arguments about the allocation of Lens.com's activities, sales, revenue, marketing success, etc. to any such use.[21]

---

[17] Opposition Memorandum at 11.
[18] Protective Order at 5-6.
[19] Opposition Memorandum at 14.  See a similar argument as to marketing information in Opposition Memorandum at 16.
[20] Fed. R. Civ. P. 26(b)(1).
[21] The magistrate judge might have considered bifurcating discovery to first focus on Lens.com's infringing activities and then on the financial records of Lens.com's operations.  That could work in an ideal case, but even then bifurcation has a substantial risk of doubling costs and creating arguments about the boundary line. The challenge of such a conceptual division in light of Lens.com's obstructive behavior makes such an attempt impossible here.

Lens.com's objections and the content of its prior responses are evasive and incomplete, and constitute a failure to respond and answer making an award of expenses appropriate.[22]

**ORDER**

IT IS HEREBY ORDERED that the motion to compel[23] is GRANTED.

IT IS FURTHER ORDERED:

a.    Lens.com shall provide revised responses to the discovery within fifteen calendar days of this order and shall permit inspection of documents and things within twenty-five calendar days of this order.

b.    If 1-800 Contacts questions the sufficiency of any responses, it shall do so in writing directed to Lens.com and after any other communication, the parties shall meet and confer in person on at least one occasion, and thereafter 1-800 Contacts may file a motion for further review of the sufficiency of Lens.com's responses.  Any response shall be due within seven calendar days of filing, and any reply shall be due within five calendar days thereafter.

b.    1-800 Contacts may submit evidence of its "reasonable expenses incurred in making [this] motion, including attorney's fees" within ten calendar days of this order.  Lens.com may respond to that submission within seven calendar days thereafter.  Both these documents should be filed *and* e-mailed to mj.nuffer@utd.uscourts.gov.

c.    Lens.com is warned that (a) obstructive or dilatory behavior or objections, (b) failure to comply with discovery and disclosure obligations; and (c)

---

[22] Fed. R. Civ. P. 37(a)(4).
[23] Plaintiff's Motion to Compel Defendant's [sic] to Provide Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, docket no. 20, filed April 11, 2008.

failure to comply with this order may lead to sanctions including but not limited to awards of attorneys fees and other expenses, and the sanctions enumerated in Fed. R. Civ. P. 37(b)(2)(A).

Dated this 2nd day of June 2008.

BY THE COURT:

_____

David Nuffer
United States Magistrate Judge