**IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| 1-800 CONTACTS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LENS. COM, INC. d/b/a LENS.COM, JUSTLENS.COM and JUSTLENSES.COM, a Nevada corporation,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL AND GRANTING IN PART MOTION FOR CONTEMPT**<br><br>Case No. 2:07-cv-591 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Plaintiff 1-800 CONTACTS, INC. (1-800 Contacts) has moved for an order holding Defendant Lens.com, Inc. d/b/a lens.com, justlens.com and justlenses.com (Lens.com) in contempt and compelling certain discovery.[1]  1-800 Contacts alleges Lens.com failed to comply with a discovery order.

**Nature of the Case**

1-800 Contacts sells contact lenses and products related to contact lenses.  A significant portion of its sales are made through its e-commerce internet website.  1-800 Contacts filed this trademark infringement lawsuit against Lens.com, another internet retailer.  Plaintiff alleges that Lens.com (directly or through contractors and affiliates) purchased 1-800 Contacts' trademarks as keywords to trigger sponsored advertisements from Google and that this confuses potential purchasers of 1-800 Contacts' services by directing those purchasers to one of the Lens.com websites.[2]

---

[1] Plaintiff 1-800 Contacts, Inc.'s Motion for Contempt and to Compel, docket no. 104, filed October 6, 2008.

[2] See Complaint, ¶¶ 17-22, docket no. 1, filed August 13, 2007.

**Discovery Dispute and Orders**

1-800 Contacts served its first set of discovery on Lens.com on November 13, 2007.[3] Lens.com served responses on January 4, 2008.[4] Dialogue ensued but did not resolve the dispute regarding the discovery. 1-800 Contacts filed a motion to compel.[5] The motion was granted by an order entered June 2, 2008.[6]

The magistrate judge found that Lens.com's objections and responses were "evasive, incomplete, and constitute a failure to respond and answer."[7] The Court ordered Lens.com to provide new discovery responses (including witness identification) and documents. No stay of that order was entered. The district judge affirmed the magistrate judge's order September 4, 2008.[8] New counsel for Lens.com appeared September 12, 2008.[9]

The magistrate judge warned Lens.com of the perils of non-compliance with the June 2nd order.

> Lens.com is warned that (a) obstructive or dilatory behavior or objections, (b) failure to comply with discovery and disclosure obligations; and (c) failure to comply with this order may lead to sanctions including but not limited to awards of attorneys fees and other expenses, and the sanctions enumerated in Fed. R. Civ. P. 37(b)(2)(A).[10]

---

[3] Plaintiff 1-800 Contact Inc.'s First Set of Interrogatories to Defendant Lens.com and Plaintiff 1-800 Contact Inc.'s First Set of Requests for Production of Documents and Things to Defendant Lens.com attached as Exhibits 5 and 6 to Plaintiff's Brief in Support of Its Motion to Compel Defendant's [sic] to Provide Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, attachment 1 to docket no. 20, filed April 11, 2008.

[4] Defendant Lens.com, Inc.'s Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Lens.com and Defendant Lens.com, Inc.'s Objections and Responses to Plaintiff 1-800 Contact Inc.'s First Set of Requests for Production of Documents attached as part of Exhibits 5 and 6 to Supporting Memorandum.

[5] Plaintiff's Motion to Compel Defendant's [sic] to Provide Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, docket no. 20, filed April 11, 2008.

[6] Docket no. 29.

[7] *Id.* at 5.

[8] Docket no. 78. An order was entered shortly thereafter. Docket no. 82, filed September 15, 2008.

[9] Docket no. 80.

[10] Docket no. 29 at 6.

Similarly, the district judge issued a warning to the Lens.com.  "Defendant Lens.com and its counsel are sanctioned and warned against further obstructions and dilatory conduct."[11]

### Lens.com's Failure to Perform

In spite of these warnings, Lens.com did not produce documents and interrogatory information – such as affiliate identification and other affiliate information, 2008 sales and cost information, customer service records, Google reports-only access,[12] emails from and to Cary Samourkachian with Commission Junction, Razorfish, its customer service contractor, S Group or Devin Brain, documents and emails of Devin Brain (the liaison between Lens.com and Commission Junction and Razorfish which Lens.com failed to disclose) – that was within the scope of the June 2nd Order.[13]  Denials of existence of these documents and accessibility to Lens.com were false.[14]  Lens.com made false statements related to its possession of relevant materials that were responsive to document requests.  Particularly troubling is that the inaccessible documents were provided by Lens.com to its own experts.[15]

Proper identification of witnesses was also not provided.[16]  Lens.com identified former lead counsel as a person most knowledgeable which was demonstrated to be terribly untrue.[17]  Again, however, Lens.com's experts were put in touch with the right people.[18]

---

[11] Docket no. 82 at 1.  Lens.com was also subject of another discovery order in August 2008.  Docket no. 43, filed August 5, 2008.

[12] Declaration of Kristin L. Murphy in Support of Motion to Compel (Murphy Declaration 106) ¶43-49; 56-65, docket no. 106, filed under seal October 7, 2008.

[13] Murphy Declaration 106 ¶¶36-42.  *See* Defendant Lens.com, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Compel (Opposition Memorandum) at 6, docket no. 24, filed May 6, 2008 ("These documents are not in the possession, custody or control of Defendant and therefore are outside the scope of permissible discovery.").

[14] Murphy Declaration 106 ¶¶75-76.

[15] Declaration of Kristin L. Murphy in Support of Reply Brief for Plaintiff's Motion for Contempt and to Compel (Murphy Declaration 129) ¶¶8-10, docket no. 129, filed November 20, 2008.

[16] Murphy Declaration 106 ¶¶23-29.

[17] Murphy Declaration 106 ¶¶19-22.

[18] Murphy Declaration 129 ¶12.

Lens.com also supplied information in discovery that was false and *had to have been known to be false* on issues that were central to the case, including the issues of keyword purchases,[19] affiliate control information[20] and the existence of an agreement between the parties on sponsored search engine listings.[21]

Lens.com provided multiple copies of one very unhelpful voluminous document,[22] withholding the usable electronic format which Plaintiff obtained from a third-party.[23] Defendant failed to identify documents by Bates Number, and then when pressed had to admit that no responsive document was produced.[24]

The obstructionist and dilatory discovery behavior of Lens.com caused harm and additional expense to 1-800 Contacts in conducting discovery, taking depositions of witnesses without documents, and working with third parties with respect to subpoenaed information and depositions, and caused involvement in the case which is normally unnecessary when parties fulfill their discovery obligations.[25]  Lens.com also caused substantial delays in the closing of fact discovery and caused the necessity of permitting certain fact depositions to occur after the close of fact discovery.

## Proper Remedy

1-800 Contacts has asked that Lens.com be held in contempt.  When a party fails to obey a discovery order, Fed. R. Civ. P. 37(b)(1) authorizes a contempt order, and Fed. R. Civ. P. 37(b) authorizes a court to enter "just orders" which "may include the following:

---

[19] *Id.* ¶¶11-12.
[20] *Id.* ¶¶15-18.
[21] *Id.* ¶¶13-14.
[22] *Id.* ¶¶50-51.
[23] *Id.* ¶¶52-55.
[24] *Id.* ¶¶66-74.
[25] *Id.* ¶¶31-35; 55.

      (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
      (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
      (iii) striking pleadings in whole or in part;
      (iv) staying further proceedings until the order is obeyed;
      (v) dismissing the action or proceeding in whole or in part;
      (vi) rendering a default judgment against the disobedient party; or
      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In this case, it is clear that current lead counsel for Lens.com, is not the cause of the problems, but it is also clear that Lens.com cannot be relieved of responsibility for its interference in the judicial process by change of lead counsel. At this time, given the genuine improvement in progress in the litigation, the most appropriate form of sanction is an award of expenses, including attorney's fees, incurred in this motion *and in the efforts to secure compliance with the June 2, 2008 Order.* 1-800 Contacts may submit evidence of its reasonable expenses within ten calendar days of this order. Lens.com may respond to that submission within seven calendar days thereafter. Both these documents should be filed and e-mailed to mj.nuffer@utd.uscourts.gov.

## RECOMMENDATION

It is further the view of the magistrate judge that Lens.com's ability to offer evidence and testimony at trial should be limited to what Lens.com set forth in its interrogatory responses, 30(b)(6) testimony, and documents it has produced. Lens.com should be precluded from:

- Relying upon any business records of Lens.com or its contractors/subcontractors that have not been produced to date; and

- Testifying in a manner that characterizes the contents of documents that were never produced by Lens.com. For example, documents that have not been produced include

quality, delivery and customer service records that would show the quality level of the retail business service and actual confusion.

These are matters intimately tied to trial before the district judge and the district judge may have a different view of the matter given the more complete perspective available at trial. Therefore, this recommendation is submitted for the consideration of the district judge under 28 U.S.C. §636(b)(1)(B) and is not an order.

## Motion to Compel

The record is also clear that Lens.com has failed to produce certain information.[26] Lens.com is ordered to produce and/or supplement the following discovery no later than December 30, 2008:

- Provide full and complete answers to contention Interrogatories 18 (regarding affiliate control contentions), 19 (regarding its contention on four affirmative defenses) and 24 (regarding its contentions concerning the likelihood of confusion factors);
- Produce
  - information necessary for reports-only Google access,
  - business records showing implementation of negative keywords and
  - the deposition transcript in the Lens Direct matter, CV-S-03-0179-RLH-RJJ (or information that would be sufficient to obtain the transcript);

---

[26] Plaintiff 1-800 Contacts, Inc.'s Reply Brief in Support of its Motion for Contempt and to Compel at 9-10, docket no. 129, filed November 20, 2008.

- Supplement Lens.com sales, profit and cost information for 2008 with available sales information and the sales information from the justlenses.com website since 2005; and

- Produce the most recent Commission Junction weekly reports (*i.e.*, for August-September, 2008) and any communications with Affiliates regarding internet search activity after March 2008.

### ORDER

IT IS HEREBY ORDERED that the motion to compel is GRANTED and the motion for sanctions is GRANTED IN PART as provided herein. [27]

Dated this 9th day of December 2008.

BY THE COURT:

_David Nuffer_
David Nuffer
United States Magistrate Judge

---

[27] Plaintiff 1-800 Contacts, Inc.'s Motion for Contempt and to Compel, docket no. 104, filed October 6, 2008.