**IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| 1-800 CONTACTS, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>v.<br><br>LENS. COM, INC. d/b/a LENS.COM, JUSTLENS.COM and JUSTLENSES.COM, a Nevada corporation,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [150] MOTION TO COMPEL AND DENYING [189] MOTION TO FILE SURREPLY**<br><br>Case No. 2:07-cv-591 CW<br><br>District Judge Clark Waddoups<br><br><br>Magistrate Judge David Nuffer |

      Defendant Lens.com, Inc. d/b/a lens.com, justlens.com and justlenses.com (Lens.com) has moved to compel the further deposition of Jonathan Coon, the CEO of Plaintiff 1-800 CONTACTS, INC. (1-800 Contacts).[1]

### Nature of the Case

      1-800 Contacts sells contact lenses and products related to contact lenses. A significant portion of its sales are made through its e-commerce internet website. 1-800 Contacts filed this trademark infringement lawsuit against Lens.com, another internet retailer. Plaintiff alleges that Lens.com (directly or through contractors and affiliates) purchased 1-800 Contacts' trademarks as keywords to trigger sponsored advertisements from Google and that this confuses potential purchasers of 1-800 Contacts' services by directing those purchasers to one of the Lens.com websites.[2]

---

[1] Lens.com's Motion to Compel Testimony of Jonathan Coon, docket no. 150, filed December 31, 2008.

[2] See Complaint, ¶¶ 17-22, docket no. 1, filed August 13, 2007.

**Prior Dispute re Mr. Coon's Deposition**

Mr. Coon's deposition has been the subject of two prior motions.[3] Lens.com was permitted to take Mr. Coon's deposition only on certain conditions set when the court granted a motion for protective order.[4] The scope of his deposition was later limited "to background, familiarity, positions, corporate history, and use of the 1-800 Contacts trademarks.[5] A time limit of three hours was set.[6]

**Current Issues**

Lens.com complaints that "Mr. Coon's deposition was interrupted by objections . . . which were improper and obstreperous . . . ."[7] Lens.com complains Mr. Coon was improperly instructed not to answer questions, based on the attorney-client privilege and on the basis of relevance.[8] Lens.com also complains that 1-800 Contacts' counsel improperly coached Mr. Coon and made speaking objections.[9]

**Discussion**

Mr. Coon's deposition lasted only an hour and sixteen minutes.[10] The deposition was not typical in that it was taken under a protective order and a second order specifically defining the scope of examination. The deposition transcript was attached to 1-800 Contacts' memorandum[11] and it reveals that the deposition fairly covered the topic designated.

---

[3] Some of this history is recounted in Plaintiff 1-800 Contacts' Opposition to Defendant's Motion to Compel (1-800 Contacts' Opposition) at iii, docket no. 162, filed January 20, 2009.

[4] Docket no. 56, filed August 16, 2008.

[5] Docket no. 118, filed October 31, 2008.

[6] *Id.*

[7] Lens.com's Motion to Compel Testimony of Jonathan Coon at 2.

[8] *Id.*

[9] *Id.*

[10] Reply Memorandum in Support of Motion to Compel Testimony of Jonathan Coon (Reply Memorandum) at 8, docket no. 183, filed February 4, 2009.

[11] Deposition of Jonathan Coon, November 12, 2008, docket no. 167, filed under seal January 20, 2009. The transcript is Exhibit 1 to 1-800 Contacts' Opposition.

Further, it reveals that many of the allegedly offensive objections or instructions are selectively edited for citation by Lens.com,[12] and that all of them appear to be appropriate. For example, questions about Mr. Coon's intended trial testimony;[13] fair actions in the marketplace;[14] affiliate conduct;[15] and industry standards for use of keywords[16] were all outside the permitted scope of the deposition. The questions about 1-800 Contacts' relationship with Walmart were properly ended when it was apparent they were not related to corporate history, which was one of the justifications for permitting Mr. Coon's deposition.[17]

The disputes about attorney client privilege center on a declaration filed by 1-800 Contacts' counsel stating that Mr. Coon had "no material personal knowledge regarding the relevant facts or defenses of this case" other than "some information [that] has been provided to him from attorneys."[18] Lens.com claims that "facts are not protected by the privilege"[19] but did not ask questions about *facts* that Mr. Coon knew – Lens.com asked for Mr. Coon to "tell . . . about the conversation" with his attorney.[20]

Lens.com claims that the declaration waived the attorney-client privilege as to Mr. Coon's discussions with counsel.[21] "[T]he privilege was waived when Mr. Zeidner submitted his affidavit communicating the content of his communication with Mr. Coon."[22] However, *no content* of the

---

[12] 1-800 Contacts' Opposition at 2.

[13] Memorandum in Support of Lens.com's Motion to Compel (Supporting Memorandum) at vi-v; docket no. 154, filed under seal December 31, 2008.

[14] *Id.* at v and 5.

[15] *Id.* at ix.

[16] *Id.* at vii.

[17] Deposition of Jonathan Coon, page 30 line 8 through page 33 line 17.

[18] Declaration of David N. Zeidner, originally filed as Exhibit 5 to Plaintiff 1-800 Contacts, Inc.'s Brief in Support of Expedited Motion for Protective Order and Other Relief, docket no. 46, filed August 12, 2008, and refiled as Exhibit 2 to 1-800 Contacts' Opposition.

[19] Supporting Memorandum at 2.

[20] Deposition of Jonathan Coon at page 22, line 19 through page 23 line 4, cited in Supporting Memorandum at 3.

[21] Supporting Memorandum at ii, 2 and 3-5; Reply Memorandum at 4.

[22] Supporting Memorandum at 4.

communications was disclosed in the declaration. The declaration only stated the information which Mr. Coon had was derived in privileged conversations. Lens.com's argument would convert a *claim* of privilege into a *waiver*.

### Failure to Meet and Confer

Lens.com did not provide "a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion."[23] Lens.com says that the deposition was the equivalent of the requirement to meet and confer and that a meet and confer would be futile.[24] It is hardly to be expected that the scenario where a dispute arises would be an adequate "effort to reach agreement." Lens.com waited nearly two months after the deposition to file its motion. An attempt to resolve the issue, if Lens.com were inclined to listen to 1-800 Contacts' arguments, could have avoided this motion. But since Lens.com persisted in its arguments in its reply memorandum, after reading 1-800 Contacts opposition, Lens.com is probably correct that discussion would have been futile.

### Expenses

Because this motion is denied, the court will require Lens.com and/or its attorney to pay 1-800 Contacts the reasonable expenses in opposing the motion (excluding the sur-reply memorandum), including attorney's fees. Because of the history of sanctions awards in this case and the transition of counsel for Lens.com, the court needs more information than in a typical case.

### Motion to File Sur-Reply

The proposed sur-reply does not materially add to the argument on this motion and the motion to file it will be denied.

---

[23] DUCivR 37-1.

[24] Reply Memorandum at 9.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[25] is DENIED and the motion to file Sur-reply[26] is DENIED.

IT IS HEREBY ORDERED that within ten days of the date of this order, 1-800 Contacts may file proof of its expenses, including attorney's fees in opposing the motion to compel (excluding the sur-reply memorandum). Within ten days after that filing, Lens.com *may* file an opposition, and *shall* send the magistrate judge an ex parte statement identifying the principal author(s) of the motion, memorandum in support and reply memorandum. The ex parte statement and copies of all filed materials shall be emailed to mj.nuffer@utd.uscourts.gov.

Dated this 17th day of February 2009.

BY THE COURT:

David Nuffer
United States Magistrate Judge

---

[25] Docket no. 150.

[26] Docket no. 189.