**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Bryan G. Pratt, 9924**
bpratt@hollandhart.com
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
1-800 CONTACTS, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **1-800 CONTACTS, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**LENS.COM, INC. d/b/a as LENS.COM, JUSTLENS.COM** and **JUSTLENSES.COM**, a Nevada corporation,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT BASED ON NEWLY DISCOVERED EVIDENCE OF INFRINGEMENT**<br><br>Case No. 2:07-cv-00591<br><br>Judge Clarke Waddoups |

Plaintiff 1-800 Contacts, Inc. ("1-800 Contacts") respectfully submits this Memorandum in support of its Motion for Reconsideration of Summary Judgment Based on Newly Discovered Evidence.

### BACKGROUND

1.  Summary judgment briefing in this case was completed in March 2009; and the Court heard oral argument on the parties' competing summary judgment motions on June 1, 2009. Dkt. 261.

1

2.  Subsequent to the summary judgment proceedings, 1-800 Contacts discovered new online advertisements for contact lenses on the Bing Shopping site that were displayed in response to a search for "1800contacts" and that utilized the 1800CONTACTS mark in the text of the advertisement.  *See* Declaration of Bryce Craven, ¶¶ 4-5, Exhibit A (attached as Exhibit 1) ("Craven Decl.").  These ads are shown in below.



3.  The advertisements unambiguously suggest 1-800 Contacts placed the ads and that clicking the ad would direct the user to the 1800CONTACTS.com website.

2

4.  However, clicking on the ads revealed the "seller name" for the advertisements to be 1800GetLens.com, as shown below, clearly suggesting some affiliation between 1-800 Contacts and 1800GetLens.com.  *Id.* at ¶ 6, Exhibit A.



5.  When the "go to store" button is selected, the user is taken to the 1800getlens.com website.  *Id*. at ¶ 6, Exhibit B.

6.  The privacy report for the destination page, www.1800getlens.com, did not include any affiliate cookies in the routing information between the Bing Shopping site and the 1800getlens.com website, indicating this ad was placed directly by 1800GetLens.com.  *Id*.

7. 1800GetLens.com is owned and operated by Lens.com. *Id*. at ¶¶ 11-12; Dkt. 267, p. 3.

8. On December 14, 2010, the Court entered its Memorandum Decision and Order ("Order"). Dkt. 267.

9. The Court's Order found "a strong likelihood of confusion" with regard to search engine advertisements that used the 1800CONTACTS mark in the ad text. *Id*. at 47. The only reason the Court did not find Lens.com liable for infringement was that those advertisements were placed by Lens.com's affiliates, and the Court rejected 1-800 Contacts' secondary liability arguments. *Id*. at 47-51.

In view of the foregoing history, 1-800 Contacts brings this Motion seeking revision of the Court's Order to include summary judgment of infringement against Lens.com for the newly discovered advertisements.[1]

## ARGUMENT

Reconsideration and/or amendment of a district court's order or judgment is warranted where "new evidence previously unavailable" is brought to light. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); Fed.R.Civ.P. 60(b). "A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) ... or Rule 60(b)." *School Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied*, 512 U.S. 1236 (1994). Whether to grant a motion for

---

[1] 1-800 Contacts respectfully disagrees with the Court's Order in many respects and intends to address those issues on appeal. Nevertheless, the new evidence demonstrates infringement even under the Court's evaluation of the factors in this case, thus warranting revision of the summary judgment Order.

4

reconsideration is committed to the district court's discretion.  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir.1997).

**I.     NEW EVIDENCE OF LENS.COM'S INFRINGEMENT WARRANTS RECONSIDERATION AND AMENDMENT OF THE COURT'S ORDER TO INCLUDE SUMMARY JUDGMENT OF INFRINGEMENT AGAINST LENS.COM**

Trademark infringement occurs where (1) the plaintiff owns a valid and legally protectable mark, (2) the defendant has used the mark in connection with advertising its goods or services, and (3) such use is likely to create confusion concerning the source of the goods or services or regarding any affiliation or connection between the plaintiff and defendant.  Order at 24; 15 U.S.C. §§ 1114(1), 1125(a).  In this case, it is beyond genuine dispute that 1-800 Contacts owns a valid and protectable mark.  The new evidence addressed above clearly proves that Lens.com, while doing business as 1800GetLens.com, used the 1800CONTACTS mark in connection with is retail sales of contact lenses.  Finally, there can be no dispute that this use is likely to mislead consumers to mistakenly believe there is some sort of affiliation or connection between 1-800 Contacts and Lens.com d/b/a 1800GetLens.com.

Likelihood of confusion is evaluated by consideration of various factors, including (a) similarity of the marks; (b) the intent of the accused infringer in adopting the mark; (3) evidence of actual confusion; (4) similarity of the products and marketing channels; (5) the degree of care exercised by consumers; and (6) the strength of the marks.  Order at 33-34.  The totality of these factors compels a finding of infringement as a matter of law.

## A.    SIMILARITY OF THE MARKS

Here, the accused trademark use is identical to the 1800CONTACTS mark.  Lens.com's Bing Shopping ads state that the contact lenses are available at "1800CONTACTS.com."  As the Court has already recognized, this evidence "strongly weighs in favor of Plaintiff."  *Id.* at 36.

## B.    INTENT TO COPY

The new evidence proves that Lens.com not only caused its advertisements to be triggered by a search for "1800contacts," it copied the trademark exactly in the text of its advertisements in a way that unambiguously suggested the ad was placed by 1-800 Contacts.  This too "justifies an inference of likelihood of confusion." *Id.* at 38.

## C.    EVIDENCE OF ACTUAL CONFUSION

While 1-800 Contacts does not now possess evidence of actual confusion regarding any connection or affiliation with 1800GetLens.com, the lack of such evidence merely results in this factor being neutral.  *See Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 974 (10th Cir. 2002) ("the 'absence of [actual confusion] does not necessarily support a finding of no likelihood of confusion, especially when the products involved are inexpensive'"); *Super Duper, Inc. v. Mattel, Inc.*, 382 Fed.Appx. 308, 315 (4th Cir. 2010) ("an absence of evidence of actual confusion, in and of itself, was a neutral factor"); *Heisman Trophy Trust v. Smack Apparel Co.*, 637 F.Supp.2d 146, 156 (S.D.N.Y. 2009) ("Neither party has introduced any evidence that supports a finding of actual confusion or a lack thereof. The fifth Polaroid factor is thus neutral").[2]

---

[2]  1-800 Contacts respectfully believes the Court erred in finding that the absence of actual confusion evidence weighs in favor of Lens.com rather than being a neutral factor.  Order at 38.

6

D.      SIMILARITY OF PRODUCTS AND MARKETING CHANNELS

Both 1-800 Contacts and Lens.com, d/b/a 1800GetLens.com, use the exact same marketing channel of Internet search engine marketing to promote their retail services.  The parties also sell the exact same products.  Thus, this factor also weighs in favor of finding a likelihood of confusion.

E.      EVIDENCE OF ACTUAL CONFUSION

The Court has already concluded that purchasers of contact lenses are unlikely to exercise a high degree of care in selecting a retailer.  Order at 39.  This factor, therefore, weighs in favor of 1-800 Contacts.  *Id.*

F.      STRENGTH OF THE 1800CONTACTS MARK

Although 1-800 Contacts disagrees with much of the Court's analysis on this factor in the summary judgment Order,[3] for purposes of the present Motion, it is sufficient that the Court concluded the 1800CONTACTS mark to be moderately strong such that this factor weighs in favor of 1-800 Contacts when, as is the case with the new evidence, the mark is used in the text of the advertisements.  Order at 46-47.

Just as the Court found with respect to the affiliate advertisements on summary judgment, evaluation of the foregoing factors in totality with respect to the new evidence addressed herein compels a finding of "a strong likelihood of confusion."  *Id.* at 47.  No reasonable jury could conclude that these new advertisements do not amount to trademark infringement.  Accordingly,

---

[3] 1-800 Contacts respectfully believes that the Court failed to grant it all reasonable inferences relating to the strength of its mark, to which 1-800 Contacts was entitled at the summary judgment stage.  Furthermore, in 1-800 Contacts' view, the Court's novel "encroachment" analysis is not supported in any precedent and improperly discounts the strength of 1-800 Contacts' mark.

7

the Court should amend its summary judgment Order to include a judgment of infringement against Lens.com for the infringing 1800GetLens.com advertisements.[4]

      Dated this 20th day of April, 2011.

                                         Respectfully Submitted,

                                         /s/ Mark A. Miller
                                         Mark A. Miller
                                         Bryan G. Pratt
                                         HOLLAND & HART LLP

                                         *Attorneys for Plaintiff*

---

[4] The new evidence also warrants reconsideration of the Court's dismissal of 1-800 Contacts' infringement claims on summary judgment with respect to Lens.com's other advertising. The new evidence clearly proves a likelihood of market confusion regarding a connection or affiliation between 1800GetLens.com and 1-800 Contacts. In addition, the contact information on the public websites for both 1800GetLens.com and Lens.com show they are the same company. *See* Craven Decl., Exhibit C. When this new evidence is taken together with Lens.com's bidding on slight variations of 1-800 Contacts' mark to cause its sponsored links to appear in response to a search for 1800contacts and its affiliates generating 65,000 impressions of infringing advertisements using the 1800CONTACTS mark (Order at 7, 13), the totality of these circumstances and market conditions at least raises a genuine issue of material fact regarding the likelihood of confusion resulting from Lens.com's other advertisements, when all reasonable inferences are resolved in 1-800 Contacts' favor at the summary judgment stage. *See Checkpoint Systems, Inc. v. Check Point Software Tech.*, 269 F.3d 270, (3rd Cir. 2001) ("marketplace confusion" is determined from "the totality of the circumstances"); *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir. 2002) ("[i]t is the totality of facts in a given case that is dispositive" of the likelihood of confusion factor).

8