IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 1-800 CONTACTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LENS.COM, INC. d/b/a LENS.COM, INC., JUSTLENS.COM and JUSTLENSES.COM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-cv-591 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff 1-800 Contacts, Inc. ("1-800 Contacts") filed suit against Defendant Lens.com, Inc. ("Lens.com") claiming, among other things, that Lens.com infringed on 1-800 Contacts' trademark. On December 14, 2010, the court granted summary judgment in favor of Lens.com, partly because 1-800 Contacts did not present evidence that Lens.com had directly infringed on its trademark. 1-800 Contacts now moves the court to reconsider its summary judgment ruling on the basis of newly discovered evidence. The court has reviewed the motion and concludes that oral argument would not materially assist in the determination of it. It therefore rules based upon the briefs and hereby denies the motion.

## FACTUAL BACKGROUND[1]

At issue in this case are "keywords" and Internet advertisements. When a person enters a

---

[1] The court includes only an abbreviated factual background because the facts were set forth extensively in the court's summary judgment ruling. *See* Docket No. 267.

search term on the Internet, the search engine compares that term to "keywords" purchased by an advertiser. If the search term matches the keyword purchased by the advertiser, a link to that advertiser's web page appears on the search results page. To defeat summary judgment, 1-800 Contacts presented undisputed evidence that Lens.com purchased several keywords that were variations or misspellings of 1-800 Contacts' trademark. It also presented undisputed evidence that Lens.com had sponsored advertisements on the Internet. The evidence showed, however, that Lens.com did *not* use 1-800 Contacts' trademark, or variations of it, in Lens.com's Internet advertisements. Thus, while Lens.com had purchased keywords that were variations or misspellings of 1-800 Contacts' trademark, the use was invisible to a consumer. The court therefore concluded that 1-800 Contacts had failed to provide sufficient evidence of consumer confusion to defeat summary judgment. If 1-800 Contacts had come forward with evidence that Lens.com had used the trademark in Internet advertisements, summary judgment may have been denied due to the potential for consumer confusion.

On April 20, 2011, 1-800 Contacts filed its motion for reconsideration based on newly discovered evidence. The new evidence shows a screen shot from Bing Shopping using the search term "1800contacts." Several Internet advertisements for contact lenses appear on the screen shot and 1-800 Contacts' trademark appears in the advertisements. The advertisements, however, were not placed by 1-800 Contacts. Consequently, 1-800 Contacts clicked on the advertisements to determine to which website a click would direct them. The click takes one to the website of "www.1800getlens.com." Lens.com owns the trademark "1-800-GET-LENS." Additionally, 1-800 Contacts asserts the privacy report, which contains the routing information, does not show any

affiliate cookies. It argues that this shows Lens.com, itself, placed the ads rather than an affiliate marketer, and that Lens.com's purported use of the trademark created consumer confusion.[2] It therefore asks the court to reconsider its ruling and find that Lens.com infringed on 1-800 Contacts' trademark.

The court heard oral argument on the summary judgment motion on June 1, 2009. It did not render its decision, however, until December 14, 2010. Then, four months later, 1-800 Contacts filed its motion for reconsideration. 1-800 Contacts discovered the new evidence in September 2009, approximately fifteen months before the court entered summary judgment and nineteen months before 1-800 Contacts moved for reconsideration.

## ANALYSIS

I.  **STANDARD OF REVIEW**

In its opening brief, 1-800 Contacts states "'[a] district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) . . . or Rule 60(b).'" Mem. in Supp. of Pl's Mot. for Reconsideration, 4 (Dkt. No. 282) (quoting *School Dist. No. 1J Multnomah County, Oregon v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). In its reply memorandum, however, 1-800 Contacts changed course and argued that "[t]he post-judgment standards for motions under Rules 59 and 60 . . . do not govern the present Motion" because it was made "*prior* to the entry

---

[2] Lens.com presented evidence in its opposition memorandum that disputes it used 1-800 Contacts' trademark in the advertisements. Were the court to reopen its ruling, additional discovery would be necessary to determine who placed the ads on Bing Shopping and how the ads were populated with information.

of final judgment."[3]  Reply Mem. in Supp. of Mot. for Reconsideration, 1 (Dkt. No. 299) (emphasis in original).  Accordingly, it contends the court's order was merely interlocutory and subject to modification under a more lenient standard than that applied to Rule 59 and 60 motions.

When an order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," the order is not a final order.  Fed. R. Civ. P. 54(b); *Raytheon Constructors Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).  A motion for reconsideration of a non-final order invokes the court's "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  *Trujillo v. Bd. of Educ. of the Albuquerque Public Schools*, 212 Fed. Appx. 760, 765 (10th Cir. 2007) (quotations and citation omitted); *see also* Fed. R. Civ. P. 54(b) (stating a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  1-800 Contacts' accurately states that reconsideration under Rule 54 does not follow the "stricter standards for considering a Rule 59(e) or Rule 60(b) motion."  *Trujillo*, 212 Fed. Appx. at 765 (italics omitted).

The court's summary judgment ruling, however, *did* adjudicate all the claims in this case.  It therefore does not fall under Rule 54 because it was a "final" judgment.  The term "final" has different meanings depending on the context in which it is used.  Rule 60(b) authorizes a court to modify final judgments under limited circumstances.  Under that rule, "final" means the decision is

---

[3]  Under Rule 58 of the Federal Rules of Civil Procedure, a judgment is not "entered" until the clerk enters "a separate document setting forth the judgment" or a "150 days have run from entry [of the judgment] on the civil docket."  *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 508 F.3d 572, 573–74 (10th Cir. 2007).  Although the court issued its decision on December 14, 2010, the judgment was not set forth in a separate document.  Consequently, "entry of judgment" did not occur until 150-days after the court issued its decision.  Because 1-800 Contacts filed its motion before the 150-days expired, the motion was made prior to entry of judgment.

amenable to appeal due to the nature of the decision, even though entry of judgment may not yet have occurred under Rule 58.[4] *See McCormick v. City of Chicago*, 230 F.3d 319, 326 n.6 (7th Cir. 2000) (stating "[t]here is nothing in the law to suggest that Rule 60(b) applies only to decisions rendered final by entry of a Rule 58 judgment. By its terms, it applies to final orders and final proceedings."). Consequently, a judgment disposing of all claims is final under Rule 60(b). Such a "final" judgment likewise may be addressed under Rule 59(e). See *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989) (stating that a motion to alter judgment may be filed under Rule 59 "before a formal judgment has been entered" under Rule 58).[5] Thus, contrary to 1-800 Contacts' assertion, Rule 59 and Rule 60 are applicable here, and its motion is subject to the stricter standards of those rules.

## II. POST-JUDGMENT RELIEF FOR NEWLY DISCOVERED EVIDENCE

In its briefs, 1-800 Contacts did not differentiate between Rule 59(e) and Rule 60(b). Instead, it simply indicated it was moving for reconsideration "based on newly discovered evidence of infringement." Mem. in Supp. of Mot. for Reconsideration, 1 (Dkt. No. 282). Accordingly, the court analyzes 1-800 Contacts' motion under both rules.

### A. Rule 59(e)

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct

---

[4] In contrast, "final" for purposes of an appeal does look to when entry of judgment occurred under Rule 58. *See* Fed. R. App. P. 4(a)(7).

[5] The "entry of judgment" reference under Rule 59(e) applies to when the 28-day period begins to run, not when a motion may be filed under the Rule. *See Mambo v. Vehar*, 185 Fed. Appx. 763, 766 n.1 (10th Cir. 2006) (citations omitted) (stating "entry of judgment" does not begin to run until judgment is formally entered under Rule 58).

manifest errors of law or to present newly discovered evidence." *Miller v. Kansas Highway Patrol*, 383 Fed. Appx. 813, 815 (10th Cir. 2010). When attempting to introduce additional evidence, "the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." *McMahen v. Gaffey, Inc.*, 52 Fed. Appx. 90, 92 (10th Cir. 2002) (citation omitted). The first scenario applies to situations where the new evidence arose after the court's ruling—meaning it was not in existence at the time of judgment. *Bell v. Bd. of County Comm'rs*, 451 F.3d 1097, 1101–02 (10th Cir. 2006) (citations omitted). The second scenario applies to evidence in existence before the court's ruling, but the moving party, despite diligent effort, did not discover it before the ruling. *Id.* (citations omitted).

1-800 Contacts' new evidence satisfies neither scenario. The evidence existed before the court's ruling *and* 1-800 Contacts had discovered the evidence before the ruling, but chose not to disclose it to the court or to Lens.com. 1-800 Contacts argues that its failure to come forward with the evidence should be overlooked because it did not realize the evidence was "pivotal [until] after this Court issued its summary judgment decision." Reply Mem. in Supp. Mot. to Reconsider, 3 (Dkt. No. 299). Failing to present evidence, due to not realizing its importance, provides improper justification for altering or amending a final decision. *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (rejecting plaintiffs' argument that new evidence should be considered because the plaintiffs "did not know the importance of the expert evidence until they retained new counsel, after the district court had already granted summary judgment against them"). Accordingly, 1-800 Contacts is not entitled to relief under Rule 59(e).

**B.     Rule 60(b)(2)**

"Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (quotations and citation omitted). The rule states a party may receive relief from a final judgment when it presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Although the rule speaks in terms of relief from a trial result, it also applies to other final judgments as well. *See Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011). When deciding a motion under Rule 60(b)(2), the Tenth Circuit has stated:

> the moving party must show: (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence was not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that [consideration of] the newly discovered evidence would probably produce a different result.

*Id.* (quotations and citation omitted).

Specifically with regards to the first element, the Tenth Circuit has stated, "[n]ewly discovered evidence has to be newly discovered after the twenty-eight-day deadline for moving for a new trial under *Fed. R. Civ. P. 59(b)* has expired." *Duhall v. Lennar Family of Builders*, 382 Fed. Appx. 751, 754 (10th Cir. 2010) (citation omitted). Notably, the Court applied this rule in a summary judgment context and not just a trial situation. *Id.* at 753–54. The facts show the evidence was discovered about fifteen months *before* the court rendered its decision. Because the evidence was discovered well before the court's summary judgment ruling, it is not newly discovered. Thus, 1-800 Contacts also is not entitled to relief under Rule 60(b)(2).

Because the court concludes that 1-800 Contacts' motion fails to meet the requirements of Rule 59(e) and Rule 60(b)(2), for the admission of newly discovered evidence, the court does not address Lens.com's alternative argument that the evidence is inadmissible because it falls under a new theory of liability.

## **CONCLUSION**

For the reasons stated above, the court DENIES 1-800 Contacts' Motion for Reconsideration. (Dkt. No. 281).

DATED this 4th day of November, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge